UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOOR MOODNEY,<br><br>     **Plaintiff,**<br>v.<br><br>CAROLE JOHNSON, in her official capacity as Commissioner of the Department of Human Services for the State of New Jersey, and STATE OF NEW JERSEY,<br><br>     **Defendants.** | Civil Action No. 20-14983 (CCC)<br><br><u>OPINION</u> |

**<u>FALK, CHIEF U.S.M.J.</u>**

 Before the Court is Defendants' motion to set aside default pursuant to Fed. R. Civ. P. 55(c) and for an extension of time to answer. (CM/ECF No. 10.) Plaintiff opposes the motion. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted**.

<u>BACKGROUND</u>

 *Pro se* Plaintiff Noor Moodney ("Plaintiff"), a deaf-blind person, filed this action against the State of New Jersey and its Department of Human Services Commissioner,

Carole Johnson ("Defendants"), alleging violation of his civil rights. Plaintiff claims that Defendants denied him services and discriminated against him on account of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.*, Rehabilitation Act of 1973, 29 U.S.C.A. § 701 *et seq.*, and the Randolph-Sheppard Vending Stand Act, 20 U.S.C. § 107 *et seq.*

On January 12, 2021, Counsel from the Office of the Attorney General for the State of New Jersey ("AG's Office") entered an appearance on the docket on behalf of Defendants, and requested an extension of time until February 11, 2021, to either file an answer or move to dismiss. The Court granted the AG's request. Defendants did not file a response to the Complaint. On February 22, 2021, default was entered against Defendant Carole Johnson only. Two days later, Defendants moved to set aside the entry of default and for an extension of time to answer the Complaint.

In support of Defendants' motion, the AG's Office explained that it does not automatically represent employees of the Department of Human Services, and that the administrative process, including conflict checks, to make a determination regarding representation following receipt of the Complaint often takes several weeks. The AG's Office states that due to the lengthy administrative process of gathering information to answer or otherwise respond to the Complaint, Defendants failed to timely answer. (Declaration of Beonica McClanahan at ¶¶ 4-10.)

## DISCUSSION

Federal Rule 55(c) provides that the Court "may set aside an entry of default for

good cause. . . ."   The "good cause" standard involves consideration of the following factors: (1) whether the defendant has a meritorious defense; (2) whether the default was the result of the defendant's culpable conduct; (3) whether the plaintiff will be prejudiced. *See Perry v. Bruns*, 2013 WL 1285302, at *6 (D.N.J. Mar.26, 2013) (citing *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984)).   The decision to vacate a default is left primarily to the discretion of the district court. *See U.S. Currency*, 728 F.2d at 194.  Courts disfavor defaults. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). "Any doubt should be resolved in favor of the petition to set aside the [default] so that cases may be decided on the merits." *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976).

Upon consideration of the factors, the Court concludes that there is good cause to vacate default.

First, Defendants have asserted a meritorious defense. A meritorious defense is demonstrated if the allegations of the defendant's response, if established at trial, would constitute a complete defense to the action. *See U.S. Currency*, 728 F.2d at 195. In order to satisfy the burden of showing the existence of a meritorious defense, the claimant need not conclusively prove his case.  *See Maxlite, Inc. v. M & C Lighting Ltd,* No. 12-4072, 2013 WL 6904055, *4 (D.N.J. Dec. 30, 2013).  Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted and that his claims are barred by the Eleventh Amendment.  The immunity defense, if established, would absolve Defendants of liability in this case. *See U.S. Currency,* 728 F.2d at 195.

Second, Plaintiff will not be prejudiced. Prejudice "concerns the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default." *See Ali v. Jersey City Parking Authority*, No. 13-2678, 2014 WL 1494578, *3 (D.N.J. April 16, 2014) (citing *Feliciano v. Reliant Tooling Co. Ltd*., 691 F.2d 653, 657 (3d Cir. 1982)). There is no showing that Plaintiff's ability to pursue his claim has been hindered or that relevant evidence has been lost so as to warrant denial of the motion to lift the default. *See Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). Nor is there any indication that Plaintiff has substantially relied on the default. In fact, this case is in its early stages. Default was entered less than six months ago and Defendants filed their motion to vacate only two days after default was entered. Because judgment has not been entered and the instant motion was filed in a timely fashion, the Court concludes that Plaintiff will not suffer any real prejudice if the Court vacates the entry of default.

Third, Defendants' default was not the caused by bad faith. "[M]ore than mere negligence [must] be demonstrated" in order to establish culpability sufficient to preclude vacatur of default. *Emacasco*, 834 F.2d at 75; *Appliances v. Tenavision*, Inc., 735 F.2d 1347 (D.N.J. 1982). A defendant's conduct must have been "taken willfully or in bad faith" to deny a motion to vacate default." *Chamberlain v. Giampapa,* 210 F.3d 154, 164 ( 3d Cir. 2000). The Court finds nothing in the record that would suggest that Defendants acted in bad faith. Here, the declaration of the AG's Office submitted in opposition to this motion details the process that is followed after an employee of the

Department of Human Services is served with the Complaint. Noting that representation is not automatic, the AG's Office explains that once representation is granted, the Deputy AG assigned to the case will contact the agency and individuals named in the Complaint to investigate the matter. The approval and investigative processes for such representation can take weeks. The AG's Office concedes that it entered an appearance and requested an extension of time to respond to the Complaint but failed to answer within the time allowed. Nevertheless, the declaration in opposition states that the failure to timely respond was not the result of bad faith but due to inadvertence, oversight and miscommunication amounting to excusable neglect, and that as soon as the error was discovered, it was addressed by the prompt filing of a motion to vacate default.

## CONCLUSION

For the reasons discussed above, the Court concludes that vacating the default is warranted in favor of adjudication on the merits. Accordingly, Defendants' motion to vacate default is **granted**.

s/Mark Falk
**MARK FALK, CHIEF U.S.M.J.**

**Dated: September 1, 2021**